1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                       DISTRICT OF HAWAII

10   JENNIFER ANN MCTIGUE,          )   Case No. CV 18-275-CBM (PJW)
                                    )
11               Petitioner,        )
                                    )
12          v.                      )   REPORT AND RECOMMENDATION OF
                                    )   UNITED STATES MAGISTRATE JUDGE
13   H. KOBAYASHI, Warden, et al.,  )
                                    )
14               Respondents.       )
     _____)

15

16       This Report and Recommendation is submitted to the Hon. Consuelo

17   B. Marshall, United States District Judge, pursuant to 28 U.S.C. § 636

18   and Local Rule 72.6 of the United States District Court for the

19   District of Hawaii.  For the reasons discussed below, it is

20   recommended that the Petition be denied and the action be dismissed

21   with prejudice.

22                                   I.

23                    SUMMARY OF FACTS AND PROCEEDINGS

24       Petitioner is a federal prisoner who is currently housed at the

25   T.J. Mahoney Hale halfway house in Honolulu, Hawaii.  (Opposition to

26   Petition at 2.)  Her anticipated release date is January 16, 2019.

27   (Petition at 13.)

28

1    In July 2015, Petitioner pled guilty to conspiracy to commit wire
2  fraud, mail fraud, and money laundering, and was sentenced to 60
3  months in prison.  (*United States v. McTigue*, *et al.*, CR 14-0010-CBM
4  (Doc. Nos. 191, 192, 235, 236).)  In February 2018, she was
5  transferred from FCI Tallahassee to T.J. Mahoney to complete the final
6  phase of the BOP residential drug abuse program ("RDAP").[1]  Petitioner
7  alleges that she was treated more severely than other residents at
8  T.J. Mahoney because one of the victims of her underlying crime was a
9  U.S. Probation officer.  (Petition at 7.)  Nevertheless, in May 2018,
10 Petitioner was transferred to home confinement, under the auspices of
11 the RDAP program.  (Petition at 8.)  On June 12, 2018, she was placed
12 back in the halfway house after employees became concerned that she
13 was drinking excessive amounts of water to dilute her urine samples,
14 which could mask drug use.  (Petition at 8-9.)  Petitioner alleges
15 that, despite being informally assured that she would be returned to
16 home confinement, on June 15, 2018, she was placed in prison in
17 Honolulu.  (Petition at 10-11.)

18    On July 17, 2018, she filed the instant Petition, pursuant to 28
19 U.S.C. § 2241, complaining:

20    1.  Her continued detention at FDC Honolulu violates her right
21        to due process and equal protection.

22
23
24
25

26    [1]  "RDAP is an intensive drug treatment program for federal
27 inmates with documented substance abuse problems," which, if completed
   successfully, can result in up to a one-year reduction in a prisoner's
28 sentence.  *Reeb v. Thomas*, 636 F.3d 1224, 1225 (9th Cir. 2011).

2.    Respondents violated her procedural due process rights when
      they terminated her participation in the home confinement
      program.

(Petition at 14-20.)

Petitioner seeks release from her "unlawful" detention, an order compelling Respondents to provide the Court with her inmate file for *in camera* review, a declaration that her detention violates her constitutional rights, an order that any future disciplinary actions be referred to this Court, an order referring Respondents for investigation, and an award of attorney fees and costs.  (Petition at 21-22.)  On August 10, 2018, Respondents filed an Opposition to the Petition, in which they noted that, on August 2, 2018, Petitioner was transferred from FDC Honolulu back to the T.J. Mahoney halfway house. (Opposition at 2.)

II.

ANALYSIS

The sum and substance of Petitioner's complaint is that Respondents improperly removed her from the residential drug program and returned her to prison.  For the following reasons, the Court concludes that the Petition is moot.  In addition, the Court finds that, even if it was not moot, her claims are not cognizable in federal habeas corpus proceedings.

"[T]he essence of habeas corpus is an attack by a person in [] custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005).  Because Petitioner is no longer in federal prison and has been returned to the halfway house, the Court

3

1    can no longer grant her the relief she seeks.  Thus, her request for

2    habeas corpus relief is moot.  *See Abbott v. Federal Bureau of*

3    *Prisons*, 771 F.3d 512, 513 (9th Cir. 2014) (holding claims regarding

4    legality of RDAP eligibility rule rendered moot by BOP's decision to

5    re-admit prisoner to RDAP program); *Kittel v. Thomas*, 620 F.3d 949,

6    951 (9th Cir. 2010) (holding § 2241 petition challenging BOP denial of

7    early release pursuant to RDAP was mooted by petitioner's subsequent

8    transfer to halfway house, even though petitioner had suffered actual

9    injury by BOP's initial erroneous decision).

10        Petitioner acknowledges that she has been returned to the halfway

11   house, but complains that she has "not been returned to her original

12   status as a participant in the home-confinement program." (Brief in

13   Support of Petition at 1.)  Respondent points out, however, that her

14   brief stay in home confinement was intended to be temporary until

15   space became available in the halfway house.  (Opposition at 4.)  In

16   any event, both the halfway house and home confinement are components

17   of the community-based program requirement of RDAP, which Petitioner

18   has not challenged here.  Because Petitioner is seeking only release

19   from federal prison and she has been released, there is no further

20   relief that the Court can provide.[2]

21        Further, even were the Court to reach her other claims, it would

22   conclude that it does not have jurisdiction to review them.

23   Petitioner contends that the decisions by BOP staff were arbitrary and

24   capricious.  She argues that staff failed to comply with BOP's own

25

26        [2]  The other injunctive and monetary relief that Petitioner seeks
27   is not available in federal habeas.  *See Douglas v. Jacquez*, 626 F.3d
     501, 504 (9th Cir. 2010) ("[A] habeas court has the power to release a
28   prisoner, but has no other power.") (citations omitted).

4

1  program statements in revoking her RDAP status by failing to maintain
2  incident reports and by failing to give her appropriate notice.
3  (Petition at 14-20; Brief in Support of Petition at 2-9.)  Generally
4  speaking, however, the Court lacks jurisdiction to consider BOP's
5  determinations under 18 U.S.C. § 3621.  *Reeb v. Thomas*, 636 F.3d 1224,
6  1228 (9th Cir. 2011).  Indeed, the BOP enjoys absolute discretion in
7  determining which prisoners are eligible to participate, or no longer
8  participate, in RDAP:

9      [A]ny substantive decision by the BOP to admit a particular
10     prisoner into RDAP, or to grant or deny a sentence reduction for
11     completion of the program, is not reviewable by the district
12     court.  The BOP's substantive decisions to remove particular
13     inmates from the RDAP program are likewise not subject to
14     judicial review.

15 *Id.* at 1227.

16     As for Petitioner's constitutional claims, they, too, are without
17 merit because she does not have a constitutional right to be released
18 from prison before the expiration of her sentence.  *Martin v.*
19 *Saunders*, 2010 WL 5563579, at *4 (C.D. Cal. Nov. 9, 2010) (citing
20 *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1
21 (1979)).  Thus, "the possibility of early release upon completion of
22 RDAP . . . does not create a protected liberty interest" that is
23 subject to the federal Due Process Clause.  *Id.*, citing *Jacks v.*
24 *Crabtree*, 114 F.3d 983, 986 n.4 (9th Cir. 1997).  Finally,
25 Petitioner's argument that the BOP violated its own program statements
26 in removing her from RDAP does not state a federal claim.  *Reeb*, 636
27 F.3d at 1227 ("[N]oncompliance with a BOP program statement is not a
28 violation of federal law.").

5

1

III.

2

RECOMMENDATION

3     For all of these reasons, IT IS RECOMMENDED that the Court issue

4 an Order (1) accepting this Report and Recommendation and

5 (2) directing that the Petition be denied and the action dismissed

6 with prejudice.

7     DATED: January 7, 2019.

8

9

10     _____
      PATRICK J. WALSH
11     UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   S:\PJW\Cases-Federal Habeas\MCTIGUE, J 275\R&R.wpd