UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JENNIFER ANN MCTIGUE, | Case No. CV 18-275-CBM (PJW) |
| Petitioner, | |
| v. | FINAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| H. KOBAYASHI, Warden, et al., | |
| Respondents. | |

This Final Report and Recommendation is submitted to the Hon. Consuelo B. Marshall, United States District Judge, pursuant to 28 U.S.C. § 636 and Local Rule 72.6 of the United States District Court for the District of Hawaii. For the reasons discussed below, it is recommended that the Petition be denied and the action be dismissed with prejudice.[1]

I.

SUMMARY OF FACTS AND PROCEEDINGS

In July 2015, Petitioner pled guilty to conspiracy to commit wire fraud, mail fraud, and money laundering and was sentenced to 60 months in prison. (*United States v. McTigue*, *et al.*, CR 14-0010-CBM (Doc. Nos. 191, 192, 235, 236).) In 2016, she was housed at FCI Tallahassee

---

[1] The Court issues this Final Report and Recommendation to respond to arguments raised by Petitioner in her objections.

1  when she began participating in the Bureau of Prisons residential drug
2  abuse program ("RDAP").  This program allows successful participants
3  to receive a one-year reduction in their sentences.

4      After completing the first two phases of the program at FCI
5  Tallahassee, in February 2018, Petitioner was transferred to Hawaii to
6  complete the last phase of the program.  (Petition at 13; Opposition
7  to Petition at 2; Objections to Report and Recommendation at 3.)  She
8  was initially placed in home confinement because there was no space
9  for her in a halfway house.  (Petition at 8; Opposition at 4.)  She
10 was later transferred to the T.J. Mahoney Hale halfway house in
11 Honolulu, Hawaii.

12     Petitioner alleges that she was treated unfairly at T.J. Mahoney
13 and suspects that it was because one of the victims of her fraud was a
14 U.S. Probation officer in Hawaii.  (Petition at 7.)  Nevertheless, in
15 May 2018, she was transferred from the halfway house to home
16 confinement.  In June 2018, she was placed back in the halfway house
17 after employees suspected that she was drinking excessive amounts of
18 water to dilute her urine samples to mask drug use.  (Petition at 8-
19 9.)  Petitioner complains that, despite being informally assured that
20 she would be returned to home confinement, on June 15, 2018, she was
21 placed in the federal detention center in Honolulu.  (Petition at 10-
22 11.)

23     On July 17, 2018, she filed the instant Petition, pursuant to 28
24 U.S.C. § 2241, alleging:

25   1.  Her continued detention at FDC Honolulu violated her right
26       to due process and equal protection.

27
28

2

     2.   Respondents violated her procedural due process rights when they terminated her participation in the home confinement program.

(Petition at 14-20.)

Petitioner sought release from her "unlawful" detention, an order compelling Respondents to provide the Court with her inmate file for *in camera* review, a declaration that her detention violates her constitutional rights, an order that any future disciplinary actions be referred to this Court, an order referring Respondents for investigation, and an award of attorney fees and costs. (Petition at 21-22.) On August 10, 2018, Respondents filed an Opposition to the Petition, in which they reported that, on August 2, 2018, Petitioner had been transferred from the metropolitan detention center back to the T.J. Mahoney halfway house. (Opposition at 2.) On January 16, 2019, Petitioner was released from the halfway house and placed on supervised release.

## II.

## ANALYSIS

Petitioner's primary complaint is that Respondents improperly removed her from the residential drug program in July 2018 and returned her to prison without valid cause. As explained below, when she was returned to the residential drug program soon after she filed her Petition, that issue became moot. Further, even if it had not become moot, the Petition would still be subject to dismissal because her claims are not cognizable in federal habeas corpus proceedings.

"[T]he essence of habeas corpus is an attack by a person in [] custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."

3

*Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005). Petitioner was released from prison and placed back in the halfway house 16 days after she filed the Petition. At that point, there was nothing else the Court could do and, therefore, the Petition became moot. *See Abbott v. Federal Bureau of Prisons*, 771 F.3d 512, 513 (9th Cir. 2014) (holding claims regarding legality of RDAP eligibility rule rendered moot by BOP's decision to re-admit prisoner to RDAP program); *Kittel v. Thomas*, 620 F.3d 949, 951 (9th Cir. 2010) (holding § 2241 petition challenging BOP denial of early release pursuant to RDAP was mooted by petitioner's subsequent transfer to halfway house, even though petitioner had suffered actual injury by BOP's initial erroneous decision).

    Petitioner does not dispute that she was returned to the halfway house in August 2018 but complains that she was not "returned to her original status as a participant in the home-confinement program." (Brief in Support of Petition at 1.) Respondent points out, however, that her brief stay in home confinement when she first arrived in Hawaii was only because there was no space in the halfway house; it was not intended to be her placement. (Opposition at 4.) In any event, both the halfway house and home confinement are components of the community-based program requirement of RDAP, which Petitioner has not challenged and for which she is not entitled to relief. Because her only cognizable claim was that she wanted to be released from prison and because she was released, her Petition is moot.[2]

---

[2] Petitioner also seeks injunctive and monetary relief (*in camera* review of her inmate file, a declaration that her detention violates her constitutional rights, an order requiring future disciplinary actions to be referred to the Court, and attorney's fees and costs) but those remedies are not available in habeas corpus

Petitioner complains that the decisions by BOP staff regarding her participation in the residential drug program were arbitrary and capricious. Generally speaking, the Court lacks jurisdiction to review BOP's determinations under the program. *Reeb v. Thomas*, 636 F.3d 1224, 1228 (9th Cir. 2011). Indeed, the BOP enjoys absolute discretion in determining which prisoners are eligible to participate, or no longer participate:

> [A]ny substantive decision by the BOP to admit a particular prisoner into RDAP, or to grant or deny a sentence reduction for completion of the program, is not reviewable by the district court. The BOP's substantive decisions to remove particular inmates from the RDAP program are likewise not subject to judicial review.

*Id.* at 1227.

Petitioner contends that staff failed to comply with BOP's own program statements in revoking her RDAP status by failing to maintain incident reports and by failing to give her appropriate notice. (Petition at 14-20; Brief in Support of Petition at 2-9.) Even assuming that she is correct, that is not enough to state a claim because noncompliance with a BOP program statement is not a violation of federal law. *Reeb*, 636 F.3d at 1227.

Petitioner seeks to raise due process claims flowing from BOP's failure to release her from custody sooner under the program. These, too, are not cognizable because she does not have a constitutional right to be released from prison before the expiration of her

---

proceedings. *See Douglas v. Jacquez*, 626 F.3d 501, 504 (9th Cir. 2010) ("[A] habeas court has the power to release a prisoner, but has no other power.") (citations omitted).

sentence. *Martin v. Saunders*, 2010 WL 5563579, at *4 (C.D. Cal. Nov. 9, 2010) (citing *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1 (1979)). Thus, the possibility of early release after completing the residential drug program does not create a protected liberty interest under the federal Due Process Clause. *Id.* (citing *Jacks v. Crabtree*, 114 F.3d 983, 986 n.4 (9th Cir. 1997)).

Nor can she raise an equal protection claim. The BOP enjoys absolute discretion in deciding whether to keep or remove prisoners from the residential drug program. Allowing an equal protection claim on the ground that Petitioner was removed from the program while others were not "would be incompatible with the discretion inherent in the challenged action." *See*, e.g., *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 603, 604 (2008) ("[T]reating like individuals differently" is an "accepted consequence of the discretion granted" certain government decisionmakers).

In her Objections, Petitioner complains that the magistrate judge intentionally delayed ruling on the Petition for five months in an effort to moot the matter once she was released from the halfway house. (Objections at 2.) That was not the case. The magistrate judge's failure to issue a timely decision sooner was due to an oversight; it was not a ploy to moot the case. Further, for the reasons explained herein, the delay had nothing to do with the case becoming moot. The case became moot on August 2, 2018, when Petitioner was transferred from MDC Honolulu to the halfway house, before the parties had even completed the briefing. Petitioner's subsequent release to supervised release had no impact on the outcome of this case.

III.

RECOMMENDATION

For all of these reasons, IT IS RECOMMENDED that the Court issue an Order (1) accepting this Final Report and Recommendation and (2) directing that the Petition be denied and the action dismissed with prejudice.

DATED: February 8, 2019.

*/s/ Patrick J. Walsh*
_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

C:\Temp\rsharpe\notesE7E5C6\Final Report.wpd